Eileen M. Bissen, State Bar No. 245821
NEYHART, ANDERSON, FLYNN & GROSBOLL, APC
369 Pine Street, Suite 800
San Francisco, CA 94104-3323
Tel.   (415) 677-9440
Fax   (415) 677-9445
Email: ebissen@neyhartlaw.com

Attorneys for Plaintiffs


Geoffrey Wm. Steele, SBN 219576
**STEELE, GEORGE, SCHOFIELD & RAMOS, LLP**
3100 Oak Road, Suite 100
Walnut Creek, California, 94597-2078
Telephone:   (925) 280-1700
Facsimile:   (925) 935-1642
Email:   gsteele@sgsrlaw.com

Attorneys for Defendants


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE LODGE OF PLASTERERS' AND SHOPHANDS' LOCAL UNION NO. 66, OPCMIA, AFL-CIO; et al.,<br><br>Plaintiffs,<br>v.<br><br>IRONWOOD PLASTERING, INCORPORATED a/k/a/ IRONWOOD PLASTERING, INC.; IRONWOOD SPECIALTIES, INCORPORATED a/k/a IRONWOOD SPECIALTIES, INC.; MAX KARL ROGERS; and LAURA ELIZABETH ROGERS;<br>Defendants. | Case No.   13-cv-3228 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; [~~PROPOSED~~] ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Date:   December 19, 2013<br>Time:   3:30 p.m.<br>Court:   Courtroom 10 – 19th Floor<br>          450 Golden Gate Avenue<br>          San Francisco, CA 94102<br>Judge:   Hon. Susan Illston |

## JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Plaintiffs GOLDEN GATE LODGE OF PLASTERERS' AND SHOPHANDS' LOCAL UNION NO. 66, OPCMIA, AFL-CIO; OPERATIVE PLASTERERS' AND CEMENT MASONS' LOCAL UNION NO. 300, OPCMIA, AFL-CIO; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERING INDUSTRY PENSION TRUST FUND; BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS LOCAL NO. 66 SUPPLEMENTAL RETIREMENT BENEFIT FUND; BOARD OF TRUSTEES OF THE OPERATIVE PLASTERERS LOCAL UNION NO. 66 JOURNEYMAN AND APPRENTICESHIP TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA PLASTERERS' JOINT APPRENTICESHIP AND TRAINING TRUST FUND; and BOARD OF TRUSTEES OF THE PLASTERING INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND (hereafter "Plaintiffs"); and, Defendants IRONWOOD PLASTERING, INCORPORATED a/k/a/ IRONWOOD PLASTERING, INC.; IRONWOOD SPECIALTIES, INCORPORATED a/k/a IRONWOOD SPECIALTIES, INC.; MAX KARL ROGERS; and LAURA ELIZABETH ROGERS (hereafter "Defendants") hereby submit their Joint Case Management Conference Statement, by and through their respective counsel.

<u>Given that Plaintiffs' counsel substituted into this case recently – on or about December 5, 2013 – as well as the fact that the parties are set to go to mediation before Eric P. Angstadt, the Court-appointed mediator, on February 12, 2014, the parties hereby request that the Case</u>

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE No. 13-cv-3228 SI
2

Management Conference scheduled for December 19, 2013 be continued until after the parties' mediation session on February 12, 2014.

1. <u>Jurisdiction and Service</u>: This is an ERISA collection action, and as such, this Court has jurisdiction pursuant to 29 U.S.C. §§ 1132 and 1145. Defendants were served on or about July 15, 2013.

2. <u>Facts</u>: This case concerns alleged fraud and violations of ERISA by Defendants. Plaintiffs allege, in part, that defendant Ironwood Plastering is signatory to collective bargaining agreements that mandate the payment of fringe benefit contributions; that defendant Ironwood Specialties, Defendants' non-union company, is the alter ego of Ironwood Plastering and therefore liable for contributions owed by Ironwood Plastering; that Ironwood Specialties is required to submit to an audit; and that the corporate veils of defendants Ironwood Plastering and Ironwood Specialties should be pierced and defendants Max Karl Rogers and Laura Elizabeth Rogers held personally liable for the sums due.

Defendants maintain that there is no alter ego between defendant Ironwood Specialties and Ironwood Plastering and there is no liability on the part of the individuals.

3. <u>Legal Issues</u>: The principal legal issues in this case is whether defendant Ironwood Specialties, which is not a signatory to any of the contracts with the Plaintiffs is required to submit to an audit and whether Defendants are liable to Plaintiffs for fringe benefit contributions, liquidated damages, collection costs, interest, attorneys' fees, and punitive damages.

Defendant Ironwood Specialties, a non signatory to any contracts with Plaintiffs deny any obligations to Plaintiffs.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE No. 13-cv-3228 SI
3

4. <u>Motions</u>: Both Plaintiffs and Defendants anticipate filing Motions for Summary Judgment.

5. <u>Amendment of Pleadings</u>: Plaintiffs do not anticipate filing any amended pleadings at this time.

6. <u>Evidence Preservation</u>: The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").

7. <u>Disclosures</u>: The parties have exchanged Initial Disclosures.

8. <u>Discovery</u>:  No discovery has been conducted to date.  Pursuant to Fed. R. Civ. P. 26(f), the parties' proposed discovery plan is as follows:

(a) The parties do not propose any changes should be made in the form or requirement for disclosures under Rule 26(a).

(b) The parties believe that discovery does not need to be conducted in phases or be limited to or focused on particular issues.

(c) The parties do not foresee any issues about disclosure or discovery of electronically stored information.

(d) The parties are unaware at this time of any issues about claims of privilege or of protection as trial-preparation materials.

(e) The parties do not propose any changes be made in the limitations on discovery imposed under these rules or by local rule.

9. <u>Class Actions</u>:  This case is not a class action.

10. <u>Related Cases</u>: Parties are not aware of any related cases.

11. <u>Relief</u>: Plaintiffs seek the following: a declaratory judgment that defendant Ironwood Plastering and Ironwood Specialties are alter egos; a declaratory judgment piercing the corporate veils of defendants Ironwood Plastering and Ironwood Specialties and finding that defendant Max Karl Rogers and defendant Laura Elizabeth Rogers are personally liable for the judgment; an order compelling defendant Ironwood Specialties to submit to an audit and to allow the inspection of an audit of the payroll records of Ironwood Specialties; monetary damages, specifically, unpaid wages, vacation pay, dues and fringe benefit contributions as the audit shows to be due and owing, and the cost of performing the audit; liquidated damages in the sum of twenty percent (20%) of the fringe benefit contribution shortages disclosed by the audit, plus interest on the monetary damages at the rate of ten percent (10%) per annum from the due date until paid; punitive damages; attorney's fees, costs and expenses; and such other relief as deemed just and proper by this Court.

Defendants seek dismissal of the action and their attorneys' fees and costs.

12. <u>Settlement and ADR</u>: The parties are scheduled to attend a mediation session with Court-appointed mediator Eric Angstadt on February 12, 2014. The parties have simultaneously filed a stipulation to extend the deadline to complete mediation herewith.

13. <u>Consent to Magistrate Judge for All Purposes</u>: Plaintiffs do not consent to a magistrate judge to conduct further proceedings.

14. <u>Other References</u>: Parties do not believe this case is suitable for reference to binding arbitration, a special master or multi-district litigation.

15. <u>Narrowing of Issues</u>: Parties believe the Motions for Summary Judgment will narrow the issues and make trial unnecessary.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE No. 13-cv-3228 SI
5

16. <u>Expedited Schedule</u>: Plaintiffs do not believe there is a need for this case to proceed on an expedited basis.

17. <u>Scheduling</u>: The parties propose the following dates:

| | |
|---|---|
| <u>June 6, 2014</u>: | Designation of Experts |
| <u>July 30, 2014</u>: | Discovery Cutoff |
| <u>October 24, 2014</u>: | Hearing of Dispositive Motions |
| <u>January 28, 2015</u>: | Pretrial Conference (3:30 p.m.) |
| <u>February 11, 2015</u>: | Trial |

18. <u>Trial</u>: Plaintiffs believe the case will be resolved via a Motion for Summary Judgment and, as such, trial will not be necessary. In the event the case does go to trial, however, Plaintiffs anticipate a 2-3 day trial.

In the event the case does go to trial, Defendants anticipate a 10 day trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: The parties have filed their disclosure statements regarding non-party Interested Entities or Persons.

20. The parties believe that the above statement adequately all crucial issues in order that this action may be resolved.

Dated: December 12, 2013                                    Respectfully submitted,

                                                            NEYHART, ANDERSON,
                                                            FLYNN & GROSBOLL

                                                            By: _____/s/_____
                                                                Eileen M. Bissen
                                                            Attorneys for Plaintiffs

1  Dated: December 12, 2013

Respectfully submitted,

STEELE, GEORGE, SCHOFIELD & RAMOS, LLP

By: _____/s/_____
Geoffrey Wm. Steele
Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER

Having read and considered the parties' Joint Case Management Conference Statement, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Case Management Conference currently scheduled for December 19, 2013 at 3:30 p.m. shall hereby be continued to __3/14/14__, 2014 at __2:30__ a.m. / (p.m).

Dated: __12/17/13__

_[signature: Susan Illston]_
HONORABLE SUSAN ILLSTON
United States District Court Judge

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE No. 13-cv-3228 SI

8