UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE LODGE OF PLASTERERS' AND SHOPHANDS' LOCAL UNION NO.66 OPCMIA, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IRONWOOD PLASTERING, INCORPORATED, et al.,<br><br>Defendants. | Case No. 13-cv-03228-SI<br><br>**ORDER RE: DISCOVERY LETTER**<br>Re: Dkt. No. 40 |

Plaintiffs – two unions and several trust funds representing plasterers and masons working in the construction industry –accuse defendants – two California corporations and their officers – of "creat[ing] a double-breasted entity . . . to evade paying fringe benefit contributions" as required under the Employee Retirement Income Security Act ("ERISA"). Docket No. 40, Discovery Letter at 1. Plaintiffs seek defendants "Quickbooks[1] files, records, and/or disks maintained regarding Defendants' businesses." *Id.* The cutoff for discovery in this case is set for December 5, 2014. Docket No. 39.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries.*" Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006).

---

[1] Quickbooks is an accounting application marketed to small businesses.

"[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

The Court agrees with plaintiffs that defendants' accounting records are likely to lead to evidence of critical importance to this case–namely, whether the defendant businesses engaged in shared finances and were in fact "alter egos."[2] Accordingly, the Court directs defendants to produce the requested electronic accounting files to plaintiffs no later than **November 3, 2014.**[3]

**IT IS SO ORDERED**.

Dated: October 29, 2014

SUSAN ILLSTON
United States District Judge

---

[2] Defendants have failed to meet and confer with plaintiffs or participate in the filing of a joint discovery letter as required by this Court's standing order. Docket No. 16 at 6. Defendants have also failed to respond to plaintiffs' letter send on October 3, 2014, plaintiff's email sent on October 13, 2014, or to plaintiffs' discovery letter filed on October 20, 2014. Discovery Letter at 1. The Court therefore finds that defendants have waived the right to contest the production of the requested Quickbooks files.

[3] If defendants have concerns about the proprietary or confidential nature of the Quickbooks files, they may enter into a stipulated protective order with plaintiffs to govern the use of such materials.