UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLDEN GATE LODGE OF PLASTERERS' AND SHOPHANDS' LOCAL UNION NO.66 OPCMIA, AFL-CIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IRONWOOD PLASTERING, INCORPORATED, et al.,<br><br>Defendants. | Case No. 13-cv-03228-SI<br><br>**ORDER RE: SECOND DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 47 |

Plaintiffs – two unions and several trust funds representing plasterers and masons working in the construction industry –accuse defendants – two California corporations and their officers – of "creat[ing] a double-breasted entity . . . to evade paying fringe benefit contributions" as required under the Employee Retirement Income Security Act ("ERISA"). Docket No. 40. The cutoff for discovery in this case is set for April 30, 2015. Docket No. 49. On February 19, 2015, defendants filed a discovery letter disputing the format of discovery produced by plaintiffs. Docket No. 47, Def. Letter. This is the second discovery dispute in this case. *See* Docket No. 40.

Defendants "propounded [a] Request for Production of Documents that were specific to the allegations in Plaintiffs' complaint." Def. Letter at 1. Plaintiffs' allegedly responded by producing three CD-ROMS comprised exclusively of documents that defendants had produced in an unrelated discovery request. *Id.* Defendants contend that producing the documents in this format fails to meet the requisites of the FRCP, which impose a duty upon the parties to "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

United States District Court
Northern District of California

The Court's standing order requires that parties meet and confer in person to resolve discovery disputes, and if no resolution is possible, then to file "a concise joint statement of 5 pages or less, stating the nature and status of their dispute." Docket No. 16, Standing Order at 6. The parties have apparently only discussed the present matter via email, Discovery Letter at 1, and have failed to submit a joint statement. Additionally, defendants' letter does not sufficiently describe the information it sought to compel, and thus fails to apprise the Court of the "status and nature of their dispute."

Accordingly, the Court **DENIES** defendants' motion, without prejudice to refiling in accordance with the Court's standing order.

**IT IS SO ORDERED.**

Dated: March 10, 2015

SUSAN ILLSTON
United States District Judge